Wells Fargo Bank, N.A. v Licalzi (2025 NY Slip Op 50514(U))

[*1]

Wells Fargo Bank, N.A. v Licalzi

2025 NY Slip Op 50514(U)

Decided on April 11, 2025

Supreme Court, Suffolk County

Hackeling, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 11, 2025
Supreme Court, Suffolk County

Wells Fargo Bank, N.A. as Trustee for Option One Mortgage Loan Trust 2007-5, 
 Asset-Backed Certificates, Series 2007-5, Plaintiff,

against
Edward A. Licalzi a/k/a Edward Licalzi, Town Supervisor Town of Brookhaven, Clerk of the Suffolk County District Court, Boney Lane Estates Homeowners Assoc Inc., "John Doe #1" through "John Doe #12," the last twelve names being fictious and unknown to plaintiff, the persons or parties intended being the tenants, occupants, persons or corporations, if any, having or claiming an interest in or lien upon the Subject Property described in the Complaint, Defendants.

Index No. 617099/2021

Hinshaw & Culbertson LLP
Attorney for plaintiff
800 Third Avenue, 13th Floor
New York, New York 10022
Justin F. Pane, P.C.
Attorney for defendant 
80 Orville Drive, Suite 100
Bohemia, New York 11716

C. Stephen Hackeling, J.

DECISION & ORDER
Upon reading the (i) notice of motion dated November 27, 2024 (Mot. Seq. No. 003), filed by Edward A. Licalzi a/k/a Edward Licalzi ("Defendant"), seeking an order granting him, inter alia, summary judgment, dismissal of the complaint as time-barred, cancellation of the notice of pendency, cancellation and discharge of record of the underlying mortgage, and an award of attorneys' fees and expenses, (ii) memorandum of law dated November 27, 2024, as corrected, (iii) affirmation of Justin F. Pane, Esq., sworn to November 27, 2024, with exhibits 1 through 5, inclusive, as corrected, (iv) defendant's affirmation, sworn to November 27, 2024, with exhibits 1 through 5, inclusive, and (v) proposed order [NYSCEF Doc. Nos. 77-93]; and
Upon reading the (i) notice of cross-motion dated January 13, 2025, (Mot. Seq. No. 004), [*2]filed by Wells Fargo Bank, N.A. as Trustee for Option One Mortgage Loan Trust 2007-5, Asset-Backed Certificates, Series 2007-5 ("Plaintiff"), requesting denial of Defendant's motion and further discovery pursuant to CPLR § 3212 (f) and 3124, (ii) memorandum of law dated January 13, 2025, (iii) affirmation of Claire A. Standish, Esq., sworn to January 13, 2025, with exhibits A through D, inclusive, and (iv) proposed order [NYSCEF Doc. Nos. 96-103]; and
Upon reading defendant's opposition and reply papers [NYSCEF Doc. Nos. 104-105]; and
Upon consideration of the materials previously filed under NYSCEF Doc Nos. 1-76; it is hereby determined as follows:

Relevant Facts
Defendant borrower, Edward A. Licalzi a/k/a Edward Licalzi, executed a mortgage regarding real property located at 2 Woodfield Road, Stony Brook, New York 11790-1112 (the "Property") and $590,000 note on February 21, 2007. After an assignment and an intervening $639,972 loan modification, the subject loan went into default on October 1, 2013, and the loan was accelerated by plaintiff via a statement dated July 17, 2014 (the "July 2014 Statement"). Indeed, the July 2014 Statement demanded payment in the full in the sum of $708,422.06 (See NYSCEF Doc. No. 81) as compared to the previously available statement dated May 19, 2014 (the "May 2014 Statement") that stated the amount due was comprised of principal, interest, and escrow for a "total regular payment of $3,905.85." Importantly, the July 2014 Statement did not provide a breakdown of the "total regular payment" but rather only set forth the "total amount due." Moreover, under the category "Important News" the July 2014 Statement says "[y]our loan has been accelerated and the accelerated amount is now due." In comparison, the "Important News" section under the May 2014 Statement does not contain such a declaration. (Compare NYSCEF Doc. No. 81 pages 16 and 17).
The State of New York (via executive orders 202.8) tolled all CPLR Statutes of Limitations between March 20, 2020, and November 3, 2020; a total of 228 days. On December 28, 2020, Governor Cuomo signed the COVID-19 Emergency Eviction and Foreclosure Prevention Act of 2020 (the "EEFPA") into law. The EEFPA protections initially took effect December 28, 2020, were extended by Governor Cuomo in May 2021, and were further extended until January 15, 2022.
Plaintiff commenced this action on September 3, 2021, and filed an affidavit of service evidencing service on defendant of the form EEFPA Hardship Declaration [NYSCEF Doc. No. 14]. No Hardship Declaration was returned by defendant to plaintiff or the Court. Defendant filed a Verified Answer with Counterclaims dated May 16, 2022 [NYSCEF Doc. No. 42]. In his Answer, defendant asserted two counterclaims: the first counterclaim is for an award of attorney's fees, costs, and disbursements pursuant to RPAPL 282(1). The second counterclaim is for a declaratory judgment under RPAPL 1501(4). Plaintiff did not file a Reply to counterclaims.

Discussion
New York CPLR § 213 (4) establishes a six-year statute of limitations to foreclose a mortgage which commences upon the acceleration of the entire mortgage balance outstanding. See Island Cap LLC v. Cohen, 230 AD3d 660 (2d Dept. 2024). Six years from the acceleration date of July 17, 2014, is July 17, 2020. If the 228 days of tolling is added to the six-year statute of limitation, the statute would expire March 2, 2021, plus any additional stay periods. This extended statute of limitation deadline (i.e. March 2, 2021) expired well before the [*3]commencement date of this foreclosure proceeding on September 3, 2021. 
Plaintiff argues that the July 2014 Statement did not accelerate the loan because the language in the July 2014 Statement is ambiguous as to its meaning. Plaintiff asserts that the loan was accelerated later when plaintiff filed a prior foreclosure complaint on September 3, 2015. The law does not proscribe a specific form or verbiage to invoke acceleration. All that is required is an unambiguous, unequivocable statement using the words "loan acceleration" and a demand for the entire sum due. Student Loan Solutions LLC v. Colon, 231 AD3d 991 (2d Dept. 2024). Plaintiff's July 2014 Statement provides the required unequivocable statement that the loan was accelerated, and it only gave defendant the option to pay the total amount due (i.e. $708,422.06) rather than permitting payment of the "total regular payment" that was contained in the May 2014 Statement. The Court need not address whether there was a unilateral deacceleration implicating FAPA because the record presented fails to allege or evidence a mutual or unilateral deacceleration.
Plaintiff also asserts it is entitled to an additional toll under New York's Emergency Eviction and Foreclosure Prevention Act of 2020 (hereafter "EEFPA") which would establish a toll of either 60 days for foreclosure actions already filed prior to March 7, 2020, or, if a borrower files a hardship declaration, then the statute of limitations would extend to May 1, 2021. Here, plaintiff is not entitled to an EEFPA toll in either instance as this action was filed after March 7, 2020, and there is no evidence that defendant ever filed or served a hardship declaration.
Plaintiff also argues that the CPLR § 205-a six-months savings clause applies in this case. However, the six-months savings clause does not help in this instance either. Notice of Entry of the first foreclosure action dismissal was given December 4, 2019.[FN1]
The six months savings period extends the statute of limitations date to June 4, 2020. Adding the Executive Order 228 days of tolling further tolls the expiration of the statute of limitations to January 19, 2021, which is still within the original six-year statute of limitations date of March 2, 2021. As this action was commenced September 3, 2021, there is no scenario under which the CPLR § 213 (4) statute of limitations has not expired.
Finally, defendant asserted a counterclaim under RPAPL 282(1) which provides: 
Whenever a covenant contained in a mortgage on residential real property shall provide that in any action or proceeding to foreclose the mortgage that the mortgagee may recover attorneys' fees and/or expenses incurred as the result of the failure of the mortgagor to perform any covenant or agreement contained in such mortgage, or that amounts paid by the mortgagee therefor shall be paid by the mortgagor as additional payment, there shall be implied in such mortgage a covenant by the mortgagee to pay to the mortgagor the reasonable attorneys' fees and/or expenses incurred by the mortgagor as the result of the failure of the mortgagee to perform any covenant or agreement on its part to be performed under the mortgage or in the successful defense of any action or [*4]proceeding commenced by the mortgagee against the mortgagor arising out of the contract, and an agreement that such fees and expenses may be recovered as provided by law in an action commenced against the mortgagee or by way of counterclaim in any action or proceeding commenced by the mortgagee against the mortgagor. Any waiver of this section shall be void as against public policy.
Absent from defendant's motion is any reference to either RPAPL 282(1) or evidence that the mortgage at issue contains a covenant that the mortgagee may recover attorneys' fees and/or expenses. Similarly, absent from defendant's counterclaim is a reference to a covenant that the mortgagee may recover attorneys' fees.
Accordingly, it is
ORDERED that defendant's motion is granted and defendant is granted summary judgment (i) dismissing plaintiff's complaint, with prejudice, as time barred and (ii) cancelling the underlying notice of pendency pursuant to CPLR 6514 (a) and (c); and it is further
ORDERED that plaintiff's cross-motion is denied in its entirety; and it is further
ORDERED that the Suffolk County Clerk is hereby directed to discharge the mortgage encumbering the Property known as 2 Woodfield Road, Stony Brook, New York 11790, Section 153; Block .1.00; Lot 013.000 dated February 21, 2007, recorded March 27, 2007, in Liber M00021502, Page 879; and it is further
ORDERED that Edward A. Licalzi a/k/a Edward Licalzi is possessed of a 100% interest in the premises known as 2 Woodfield Road, Stony Brook, New York 11790, as more fully described in the description attached hereto, and that defendants, and all persons claiming under any of them, be forever barred from all claim to an estate or interest in the Property; and it is further
ORDERED that within 30 days after the entry of this Order, defendant must serve upon the Suffolk County Clerk, notice pursuant to CPLR 8019 along with any necessary fees; and it is further
ORDERED that defendant's first counterclaim is dismissed; and it is further
ORDERED that any other applications or requests for relief not specifically addressed herein are hereby denied.
Dated: April 11, 2025
Hon. C. Stephen Hackeling, J.S.C.

Footnotes

Footnote 1:The parties both incorrectly compute this date. The Second Department adds 30 days to the six months savings period from notice of entry for running of the time to appeal. See Deutsche Bank v. Velasquez, 226 NYS 3d 522 (Sp. Ct. Suf. Co. 2025). The Court will use the parties submitted date as extending the savings clause to July 4, 2020,as same does not change the statute of limitations ultimate determination.